IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CIONJA WEST,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **MIDLAND CREDIT MANAGEMENT,** | : | |
| *Defendant* | : | **No. 24-1359** |

**M E M O R A N D U M**

PRATTER, J.                                                                                          APRIL 19, 2024

Plaintiff Cionja West initiated this civil action by filing a *pro se* complaint against Midland Credit Management ("MCM"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f) ("FCRA"). Ms. West seeks leave to proceed *in forma pauperis*. For the following reasons, the Court grants Ms. West leave to proceed *in forma pauperis* and dismisses the Complaint.

### BACKGROUND[1]

Ms. West's allegations are brief. She claims that in July 2023 she sent a written dispute and in August 2023 made a verbal dispute to MCM concerning incorrect information regarding "the completeness and/or accuracy of a tradeline MidlandCre account number #31928****." She asserts the incorrect information, apparently information about the account balance, payment status, and payment history, was "in a consumer report concerning [Ms. West]" that was "prepared, maintained, and published to others." She asserts that MCM negligently and/or willfully "failed to follow reasonable procedures to assure maximum accuracy of the reporting. . . ." She also

---

[1] The factual allegations are taken from Ms. West's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

alleges that MCM did not investigate or delete the disputed information. She seeks money damages under the FCRA.

## LEGAL STANDARD

Because Ms. West appears to be incapable of paying the filing fees to commence this action, the Court grants her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted). An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants." *Id.* (internal quotation omitted).

## DISCUSSION

The FCRA, 15 U.S.C. §§ 1681-1681x, was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007); *see also SimmsParris v. Countrywide Fin. Corp.*, 652

F.3d 355, 357 (3d Cir. 2011) (noting that the FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant and current information in a confidential and responsible manner" (quoting *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010))).  The FCRA creates obligations on different actors in the consumer credit reporting field and provides mechanisms to resolve claims that incorrect information has been included in a credit report.

In the language of the FCRA, consumer reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."[2]  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).  Consequently, the FCRA places certain duties on those who furnish information to consumer reporting agencies, such as requiring furnishers to correct any information they later discover to be inaccurate.  *Bibbs v. Trans Union LLC*, No. 21-1350, 2022 WL 3149216, at *3 (3d Cir. Aug. 8, 2022) (citing *SimmsParris*, 652 F.3d at 357; 15 U.S.C. § 1681s-2(a)(2)).  The FCRA provides for civil liability for noncompliance due to willfulness and negligence.  *See* 15 U.S.C. § 1681n (creating civil liability for willful noncompliance with any portion of the Act); *id.* § 1681o (creating civil liability for negligent noncompliance with any portion of the Act).[3]

Although Ms. West refers to MCM as a "credit reporting agency," this is a legal conclusion.  Even construing her claim liberally, it appears that MCM is actually a furnisher of consumer

---

[2]  "The term 'consumer reporting agency' means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports."  15 U.S.C. § 1681a(f).

[3]  A willful violation of the FCRA requires the additional showing that the defendant acted knowingly or with reckless disregard of the statute's terms.  *Seamans*, 744 F.3d at 868.

information because Ms. West refers to incorrect information in an MCM tradeline account and account number.  "Tradeline" is a term used by credit reporting agencies to describe consumer credit accounts listed on a credit report, *see Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2*, No. 18-1781, 2023 WL 6290622, at *6 n.3 (S.D.N.Y. Sept. 27, 2023), meaning that the logical interpretation of the Complaint is that MCM is a creditor that furnished credit information about the account identified in the tradeline to a credit reporting agency.

To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information." *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, No. 19-3821, 2021 WL 287752, at *1 (3d Cir. Jan. 28, 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).

If a plaintiff fails to allege that a furnisher defendant communicated inaccurate information to a credit reporting agency, fails to include a description of the information, fails to allege that she disputed the information with the credit reporting agency, and fails to allege that the furnisher then failed to reasonably investigate the dispute after having been notified by the credit reporting agency, then the plaintiff has failed to state a plausible violation of the statute.  *See Pressley v.*

*Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019) (holding that the plaintiff failed to state a FCRA claim when she "ha[d] not (1) identified the accounts at issue, (2) described the allegedly false and misleading information that appears in the accounts, (3) stated that she filed a dispute regarding the false and misleading information; or (4) alleged that Capital One failed to investigate and modify the inaccurate information").

Ms. West's brief allegations refer to the account at issue, and she mentions that allegedly inaccurate information about her account balance, payment status and payment history was in the MCM tradeline. However, she offers no specific contentions about how the information was inaccurate. Ms. West also does not assert that she first disputed the information with a credit reporting agency rather than with MCM itself. Accordingly, her claim against MCM is not plausible as pled.

## CONCLUSION

For the foregoing reasons, the Court dismisses Ms. West's Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Ms. West may file an amended complaint if she is capable of correcting the defects as described in this Memorandum. An appropriate Order follows.

BY THE COURT:

s/ Gene E.K. Pratter
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**